## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GEORGE HARRIS, ET AL.**                                   **CIVIL ACTION**

**VERSUS**

**ALLSTATE INDEMNITY COMPANY**                 **NO. 23-1456-SDD-EWD**

## ORDER AND JUDGMENT OF DISMISSAL

For the failure of George and Millie Harris ("Plaintiffs") to comply with Court Orders and the failure to prosecute this case under Federal Rule of Civil Procedure 41(b), this case will be dismissed without prejudice.

Plaintiff originally filed this suit in Louisiana state court to recover alleged property damage due to Hurricane Ida.[1] Defendant Allstate Indemnity Company removed the case to this Court on October 6, 2023.[2] A scheduling order setting case-related deadlines was issued on February 8, 2024.[3] In August 2024, certain deadlines were then extended on joint motion of the parties.[4] Plaintiffs' attorneys then filed a Motion to Withdraw as counsel of record, alleging that the "attorney-client relationship has been irretrievably broken du to Plaintiffs' failure to maintain communication" with their attorney.[5] The Motion to Withdraw as set for a video hearing, in which Plaintiffs were ordered to participate.[6] The Order setting the hearing was mailed to Plaintiffs by the Clerk of Court at the address confirmed by their attorneys of record.[7] Plaintiffs did not attend the hearing, which was

---

[1] R. Doc. 1-1. Records in the court docket are referred to in this Order and Judgment of Dismissal as "R. Doc. ___."
[2] R. Doc. 1.
[3] R. Doc. 14.
[4] R. Docs. 28, 29.
[5] R. Doc. 30.
[6] R. Doc. 31.
[7] R. Doc. 31.

certified mail # 9589 0710 5270 1607 9438 10

left open for fifteen minutes,[8] although they were expressly warned that their failure to attend the hearing could result in the dismissal of their claims without further notice.[9]

Due to Plaintiffs' failure to appear for the October 9, 2024 hearing, Plaintiffs were ordered to appear in person at an October 30, 2024 hearing and show cause why their claims should not be dismissed for failure to follow the Court's September 17, 2024 Order.[10] The Order setting that hearing was, again, mailed to Plaintiffs by the Clerk of Court; however, Plaintiffs did not attend that hearing, which was left open for fifteen minutes.[11] Plaintiffs were warned that failure to attend the October 30, 2024 hearing could result in the dismissal of this case without further notice from the Court.[12]

A review of the record reflects that Plaintiffs have failed to communicate with their counsel and have failed to respond to two Court orders, including failing to appear at a show cause hearing. Federal Rule of Civil Procedure 41(b) provides for dismissal of a suit under these facts:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

---

[8] Plaintiffs did not contact the Court before the hearing to advise that they could not participate, as ordered, or to request an extension. R. Doc. 32.
[9] R. Doc. 31.
[10] R. Doc. 34.
[11] R. Docs. 34, 37. The certified mail receipt was returned showing that it was delivered on October 12, 2024. R. Doc. 35. Plaintiffs did not contact the Court before the October 29, 2024 hearing to advise that they could not participate, as ordered, or to request an extension.
[12] R. Doc. 34.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[13]

Accordingly,

**IT IS ORDERED ADJUDGED, AND DECREED** that that the above-captioned proceeding be **DISMISSED WITHOUT PREJUDICE** for the failure of Plaintiffs George and Millie Harris to comply with Court Orders and failure to prosecute this case under Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order and Judgment of Dismissal to Plaintiffs George and Millie Harris by regular and certified mail, return receipt requested to the address listed on PACER.

Baton Rouge, Louisiana on the  5th  day of    November   , 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[13] *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."), citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).